```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **RANDALL BINGHAM,** )<br>)<br>      Petitioner,   )<br>)<br>    v.               )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>      Respondent.   )<br>)<br>) | No. 12 C 9643 |

### MEMORANDUM OPINION AND ORDER

Petitioner Randall Bingham has filed a Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 "). For the reasons stated below, the petition is denied.

I.

Bingham was sentenced on December 11, 1998 to a term of 22 months imprisonment and three years of supervised release after being convicted of conspiracy, in violation of 18 U.S.C. § 371, and theft of interstate shipments by carrier, in violation of 18 U.S.C. § 659. *United State v. Bingham*, No. 97 CR 423-2 (N.D. Ill.) (Bucklo, J.) (Dkt. No. 87). As a condition of his supervised release, Bingham was also ordered to make restitution in the amount of $1,009,800 and to participate in a drug aftercare program. *Id.* Bingham was released from federal custody on March 5, 1999, but on January 11, 2002, Bingham's term

of supervised release was revoked and he was sentenced to two years imprisonment, to run concurrently with a state court sentence, followed by supervised release for a term of two years, also to run concurrently with a state court sentence. No. 97 CR 423-2 (Dkt. No. 146). In 2005, jurisdiction of supervision of release was transferred to the Northern District of Georgia, Rome. No. 97 CR 423-2 (Dkt. No. 149).

Shortly after jurisdiction was transferred, a federal warrant was issued for Bingham as a result of his being arrested on new state charges in Georgia. *United States v. Bingham*, Dkt. 4:05-CR-47-HLM (N.D. Ga.) (Murphy, J.) (Dkt. No. 2). According to the order, Bingham was arrested in Georgia on July 26, 2005, in connection with charges for theft of property, burglary, and criminal trespass in Tennessee. *Id.* While he was in custody in Georgia, Bingham allegedly committed an assault on a detention officer during an attempt to escape on August 4, 2005. *Id.* Bingham was subsequently charged with felony charges and convicted in Dade County, Georgia for obstruction of a law enforcement officer and aggravated assault. Bingham is currently serving a twenty-year sentence in Georgia's Valdosta State Prison. Georgia Department of Corrections, Randall Bingham Information Sheet, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited April 3, 2013).

On April 14, 2011, Judge Harold L. Murphy denied Bingham's motion to dismiss supervised release and to dismiss the federal detainer, effectively delaying revocation beyond the expiration of Bingham's term of supervised release. Dkt. 4:05-CR-47-HLM (N.D. Ga.) (Murphy, J.) (Dkt. No. 5). Judge Murphy also denied Bingham's motion to transfer jurisdiction of his supervised release back to Illinois. Dkt. 4:05-CR-47-HLM (N.D. Ga.) (Murphy, J.) (Dkt. No. 9). In this court, Bingham has filed two lawsuits, both of which were dismissed. *Bingham v. United States Probation*, No. 11 C 5172 (N.D. Ill.) (Coleman, J.) (Dkt. No. 5); *Bingham v. Illinois Dept. of Healthcare and Family Services*, No. 09 C 3873 (N.D. Ill.) (Pallmeyer, J.) (Dkt. No. 5).

II.

Under § 2255, a prisoner in federal custody may petition the court that imposed his sentence to vacate, set aside or correct the sentence on the ground that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

III.

Petitioner raises a number of claims in his § 2255 petition, but I have jurisdiction to consider his claims only to the extent that they challenge the imposition of his sentence or my decision

to revoke his supervised release on January 11, 2002. Relief pursuant to § 2255 is available only if the petitioner is challenging the validity of a sentence, not the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). The majority of Bingham's claims seek to challenge the conditions or terms of his supervised release in Georgia, in other words, the execution of petitioner's sentence and not its imposition. For instance, petitioner complains of constraints placed on him by Kathryn Shields, his probation officer in Georgia (Grounds 1, 5, 8-9). Bingham also seeks to challenge Judge Murphy's refusal to remove the federal detainer against petitioner (Ground 3) or to dismiss supervised release (Ground 6). *See also United States v. Bingham*, No. 4:05-CR-047-01-HLM (N.D. Ga.) (Murphy, J.) (Dkt. No. 5) (order denying defendant's motion to dismiss supervised release and motion for dismissal of federal detainer). Finally, Bingham challenges his confinement in Georgia in August 2005 (Ground 2), and the alleged impediments placed on him by a Dade County judge and a jail guard, also in Georgia, when Bingham previously sought to file a federal habeas corpus petition (Ground 7).

These claims are not properly brought under § 2255 as they do not constitute a collateral attack on the original sentence or the 2002 revocation of supervised release. Moreover, jurisdiction over Bingham's supervised release was transferred to

4

the Northern District of Georgia, Rome, and the claims described above (Grounds 1-3, 5-9) are based on events that took place after jurisdiction was transferred and in a different jurisdiction. I lack jurisdiction to hear these claims.

This leaves Bingham's claim that it was a violation of the Fifth and Fourteenth Amendments to impose a sentence that included an order to pay restitution (Ground 4). Bingham was ordered to pay restitution in the total amount of $1,009,800 as part of his original sentence in 1998, No. 97 CR 423-2 (Dkt. No. 87). Pursuant to § 2255(f), motions filed under that section are subject to a one-year period of limitation. The time for challenging his original conviction and sentence has long passed, and Bingham has not shown that any of the statutory tolling provisions apply to the present petition. In reply, Bingham argues that he did not receive a copy of the federal detainer or warrant until December 16, 2010, and filed his first § 2241 petition on July 29, 2011. But this argument, which assumes that the delay in receiving a copy of the detainer or warrant would constitute an impediment "created by governmental action" under § 2255(f)(2), relates to his claims regarding the federal detainer and petitioner's supervised release. Because petitioner has not raised any impediment to his ability to challenge his original sentence, the date on which his original sentence became final is the date on which the one-year period began to toll.

Bingham's conviction became final when the deadline for appeal expired, and that date has long passed. His petition is far outside of the one-year period and must be dismissed.

I also decline to issue a certificate of appealability, as no reasonable jurist would find my resolution of the procedural issue presented to be debatable or wrong. *See Gonzalez v. Thaler*, --- U.S. ----, 132 S.Ct. 641, 648 (2012) ("When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show *both* 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'") (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000)) (emphasis added).

ENTER ORDER:

*(signature)*
**Elaine E. Bucklo**
United States District Judge

Dated: May 2, 2013

6